**ELECTRONICALLY FILED**
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| BETESSA FAITH FOREMAN | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| METROPOLITAN LIFE INSURANCE | ) |
| COMPANY | ) |
| | ) |
| | ) |
|       Defendant | ) |

## NOTICE OF REMOVAL AND MEMORANDUM IN SUPPORT OF REMOVAL

Defendant, Metropolitan Life Insurance Company ("MetLife"), by counsel and pursuant to 28 U.S.C. § 1441, hereby gives notice of the removal of the above-styled action to this Court. In support of its Notice of Removal, Defendant states as follows:

1.  There is commenced and is now pending in the Laurel Circuit Court, Laurel County, Kentucky, a civil action in which the above-named Betessa Faith Foreman is the Plaintiff, and MetLife is the Defendant. Plaintiff's Complaint seeks payment of certain optional life insurance benefits on the life of her husband Daniel P. Foreman under an employee welfare benefit plan sponsored and maintained by his employer, Progress Rail Service. (A true and accurate copy of all process, pleadings, and orders served on Defendant in the state court action as of the date of the filing of this removal is attached hereto as collective Exhibit A.)

2.  On October 1, 2015, Defendant mailed for filing a Notice of Removal with the Clerk of the Laurel Circuit Court, Laurel County, Kentucky in Case No. 15-CI-582, <u>Betessa Faith Foreman v. Metropolitan Life Insurance Company</u>. On the same day, Defendant caused

the state court Notice, along with this Notice of Removal, to be served upon the individual(s) listed on the Certificate of Service below.

    3.    The applicable statute governing removal provides, in pertinent part as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> If a civil action includes – a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), . . . the entire action may be removed . . . .

28 U.S.C. § 1441 (a); (c)(1)(A). Thus, removal is proper where this Court has original subject matter jurisdiction of the action and the removal is timely filed.

    4.    Here, this Court has original subject matter jurisdiction of this action according to 28 U.S.C. § 1331, which provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

    5.    The optional life insurance benefits at issue herein were provided pursuant to an employee welfare benefit plan, fund or program that was designed and intended to qualify under the requirements of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, as amended. The employee welfare benefit plan is one established or maintained by an employer as defined by ERISA, and the Plaintiff was a participant, as defined by ERISA.

    6.    A cause of action filed in state court that is preempted by ERISA and comes under the scope of ERISA § 502(a)(1) is removable to federal court under 28 U.S.C. § 1441(b) as an action arising under federal law, even when the ERISA-related nature of the action does not appear on the face of the complaint. See Metropolitan Life Insurance Company v. Taylor, 481 U.S. 58 (1987). To the extent Plaintiff alleges state law claims to recover optional life insurance benefits in

the Complaint, ERISA preempts those state-law claims and provides the exclusive federal remedies for resolution of such claims. See ERISA § 502(a)(1)(B) [29 U.S.C. § 1132(a)(1)(B)]; Pilot Life Insurance Company v. Dedeaux, 481 U.S. 41 (1987).

> [W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption, the state law claim can be removed. This is so because [w]hen the federal statute completely pre-empts the state law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. ERISA is one of these statutes.

Aetna Health Inc. v. Davila, 542 U.S. 200, 207-08 (2004)(internal quotations and citations omitted).

7. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

8. Plaintiff's Complaint was filed on or about August 27, 2015, and MetLife was served with the Summons and the Complaint on or about September 1, 2015.

9. In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is filed with the Court within thirty (30) days after service upon MetLife, Centrus and the Plan.

## CONCLUSION

For the foregoing reasons, Defendant submits that this Court's removal jurisdiction is properly invoked in this action.

## AFFIDAVIT

Angela Logan Edwards, being first duly sworn, states that she is counsel of record for the Defendant in this action and that the information contained in this Notice of Removal is true to the best of her knowledge and belief.

_____
ANGELA LOGAN EDWARDS

COMMONWEALTH OF KENTUCKY )
                                             ) SS
COUNTY OF JEFFERSON              )

Subscribed and sworn to before me by ANGELA LOGAN EDWARDS on this the 1st day of October, 2015.

My Commission Expires: 03-14-2018 .

_____
Notary Public, State at Large

Respectfully submitted,

/s/ Angela Logan Edwards
Angela Logan Edwards
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, KY 40202
(502) 581-8017
Fax: (502) 581-8111
(angela.edwards@dinsmore.com)
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of October, 2015, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

R. Aaron Hostettler
HAMM, MILBY & RIDINGS, PLLC
120 North Main Street
London, Kentucky 40741
(606) 864-4126
Fax: (606) 878-8144
*Counsel for Plaintiff*

/s/ Angela Logan Edwards
*Counsel for Defendant*